UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEVEN CROTTS,

      Plaintiff,

  v.                                                    Case No.: 2:16-cv-00263
                                                           JUDGE SMITH
                                                           Magistrate Judge Kemp

MAUREEN O'CONNOR, *et al.*,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court upon the motions of both The Honorable Chief Justice Maureen O'Connor ("Chief Justice O'Connor") and the Supreme Court of Ohio and the State of Ohio (collectively, the "State Defendants").  Chief Justice O'Connor filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 15), and the State Defendants filed a Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 23) (collectively, the "Motions").  Plaintiff Steven Crotts ("Plaintiff") responded in opposition to the Motion to Dismiss (Doc. 16) and the Motion for Judgment on the Pleadings (Doc. 24).  Chief Justice O'Connor and the State Defendants replied in support of the Motions.  The Motions are fully briefed and ripe for review.  For the reasons that follow, the Motions are **GRANTED**.

                                              **I.    BACKGROUND**

**A.    Factual Background**

This action arises out of Plaintiff's criminal conviction for sexual assault.  On November 14, 2001, Plaintiff was arrested when he turned himself in to authorities after learning of an

outstanding warrant for his arrest stemming from a 1999 sexual assault charge. (Doc. 1, Compl. at ¶ 2). Plaintiff claims there were numerous procedural errors and civil rights violations that led to his initial conviction, including improper tolling, failure to serve a warrant, and ineffective assistance of counsel. (*Id.*). Plaintiff appealed his conviction in Ohio's Eighth District Court of Appeals. (*Id.* at ¶ 9). The Eighth District reversed Plaintiff's conviction based on findings that the victim made several inconsistent statements during the course of the investigation and trial, the conviction was based on insufficient evidence, inadmissible and/or prejudicial evidence was introduced at trial, and the prosecutors made prejudicial mischaracterizations during the trial. (*Id.*). The State of Ohio subsequently filed an appeal in the Supreme Court of Ohio. On December 15, 2004, the Supreme Court of Ohio, in an opinion authored by Chief Justice O'Connor, reversed the Eighth District's judgment and remanded the case on the basis that the trial court did not abuse its discretion when it admitted certain evidence at trial. (*Id.* at ¶ 14). On remand, the Eighth District affirmed Plaintiff's conviction. (*Id.*). Since 2005, Plaintiff has sought relief from his conviction in Ohio state courts and in the United States District Court for the Northern District of Ohio. (*Id.* at ¶¶ 15–16). Plaintiff's Complaint alleges multiple instances of ineffective assistance of counsel in connection with his conviction and subsequent appeals. (*Id.* at ¶¶ 2, 10, 11, 19).

Plaintiff commenced the present action to challenge the Ohio Supreme Court's rules regarding criminal appeals premised on ineffective assistance of counsel, and the December 15, 2004 decision issued by Chief Justice O'Connor. Chief Justice O'Connor now moves to dismiss the Complaint and the State Defendants move for judgment on the pleadings.

## II. STANDARDS OF REVIEW

### A. Motion to Dismiss

Chief Justice O'Connor brings her motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that Plaintiffs have failed to state a claim upon which relief can be granted.

Under the Federal Rules, any pleading that states a claim for relief must contain a "short and plain statement of the claim" showing that the pleader is entitled to such relief. Fed. R. Civ. P. 8(a)(2). To meet this standard, a party must allege sufficient facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A claim will be considered "plausible on its face" when a plaintiff sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." A*shcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 12(b)(6) allows parties to challenge the sufficiency of a complaint under the foregoing standards. In considering whether a complaint fails to state a claim upon which relief can be granted, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Ohio Police & Fire Pension Fund v. Standard & Poor's Fin. Servs. LLC*, 700 F.3d 829, 835 (6th Cir. 2012) (quoting *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Thus, while a court is to afford plaintiff every inference, the pleading must still contain facts sufficient to "provide a plausible basis for the claims in the complaint"; a recitation of facts intimating the "mere possibility of misconduct" will not suffice. *Flex Homes,*

*Inc. v. Ritz-Craft Corp of Michigan, Inc.*, 491 F. App'x 628, 632 (6th Cir. 2012); *Iqbal*, 556 U.S. at 679.

**B.  Motion for Judgment on the Pleadings**

The State Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In deciding a Rule 12(c) motion based on all pleadings, courts apply "the same *de novo* standard applicable to motions to dismiss under Rule 12(b)(6)." *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998). Accordingly, both motions are subject to the standard set forth above.

### III.  DISCUSSION

The Defendants' respective motions have asserted three identical defenses: (1) the *Rooker-Feldman* doctrine bars Plaintiff's claims; (2) the Eleventh Amendment bars Plaintiff's claims; and (3) Plaintiff has failed to state a claim under 42 U.S.C. § 1983. Chief Justice O'Connor asserts an additional defense of absolute judicial immunity.

**A.  Plaintiff's Second and Third Causes of Action are Barred by the *Rooker-Feldman* Doctrine**

The *Rooker-Feldman* doctrine is based on the premise that "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011). The United States Supreme offered clarity to the doctrine's scope and applicability of the doctrine when it held "[the doctrine] is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Sixth Circuit has since emphasized that the *Rooker-Feldman* doctrine only

4

applies to attacks on state-court judgments and not independent claims.  *McCormick v. Braverman*, 451 F.3d 382, 392–93 (6th Cir. 2006).  To differentiate between an impermissible state-court attack and an independent claim, courts must make an inquiry into "the source of the injury the plaintiff alleges in the federal complaint."  *Id.* at 393.  "If the source of the injury is the state court decision, then the *Rooker–Feldman* doctrine would prevent the district court from asserting jurisdiction.  If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim."  *Id.*  Finally, "[a] court cannot determine the source of the injury 'without reference to [the plaintiff's] request for relief.'"  *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012) (citing *Evans v. Cordray*, 424 F. App'x 537, 539 (6th Cir. 2011)).

Here, Plaintiff alleges three causes of action.  (Doc. 1, Compl. at ¶ 1).  Plaintiff's first cause of action is for ". . . a violation of the Plaintiff's rights under the Sixth Amendment.  The Defendants created and maintained rules for the Ohio Supreme Court preventing the reopening of Plaintiff's criminal case based on ineffective assistance of counsel."  Plaintiff's second cause of action states that ". . . rules of court and ineffective assistance of counsel prejudiced the Ohio Supreme Court resulting in a ruling discriminating against the Plaintiff . . . in violation of rights under the [First and Fourteenth Amendments]."  Plaintiff's third cause of action "is against the State of Ohio for violating the Plaintiff's [Sixth and Fourteenth Amendment rights] by prosecuting a case that had been dismissed with prejudice resulting in a trial not based on fact but on false prejudicial statements in violation of law . . . ."

The Court concludes that Plaintiff's second and third causes of action are barred by the *Rooker-Feldman* doctrine.  Both claims amount to nothing more than attacks on Plaintiff's state-court conviction.  If the Court were to consider these claims, it would be impermissibly engaging in appellate review of the state-court proceedings.  In making this determination, the Court looks

5

at the claims themselves, Plaintiff's alleged injuries, and the claims' corresponding requests for relief enumerated in Paragraph 24, numbers 2-7 of the Complaint. Tellingly, the injuries alleged in the Complaint are all personal to Plaintiff in nature and the source of those injuries is the state judgment itself. (*See* Doc. 1, Compl. at ¶ 23). Further, all possible forms of relief would be predicated upon a conviction that the state court was wrong. For these reasons, the *Rooker-Feldman* doctrine applies and the Court is without subject matter jurisdiction to consider Plaintiff's second and third causes of action.

**B.     Plaintiff Lacks Standing to Bring His First Cause of Action**

Plaintiff's only remaining claim is arguably a general challenge to the constitutionality of the rules and procedures adopted by the Supreme Court of Ohio. (*See id.* at ¶ 1). The entirety of Plaintiff's first cause of action reads as follows: "The Defendants first cause of action is a violation of the Plaintiff's rights under the Sixth Amendment. The defendants created and maintained rules for the Ohio Supreme Court preventing the reopening of Plaintiff's case based on ineffective assistance of counsel." (*Id.*, *sic* throughout).

It is now well-settled that the *Rooker–Feldman* doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008) (citing *Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003)).

This cause of action, taken at face value, seemingly urges the Court to undertake an impermissible review of the state-court judgment. There is a strong argument to be made that this cause of action is nothing more than a challenge to the Supreme Court of Ohio's rules as applied to Plaintiff, as evidenced by Plaintiff's multiple references to his personal constitutional rights. In furtherance of this argument, as mentioned above, all of Plaintiff's alleged injuries are

personal in nature and are direct consequences of the state court decision entered against him. If the Court only considered Plaintiff's first cause of action and his alleged injuries, then the *Rooker-Feldman* doctrine would likely apply and the Court would also be barred from considering this claim. However, the Court's inquiry does not end there.

Plaintiff seeks injunctive relief requiring "that all State Supreme Court's create rules that protect the constitutional right to effective assistance of counsel within them . . . [that would allow a litigant to] reopen an appeal based on ineffective assistance of counsel within a State Supreme Court." (*Id*. at ¶ 24, No. 1). Even after affording Plaintiff's *pro se* Complaint the most liberal of constructions, the Court remains skeptical about the form of Plaintiff's general constitutional challenge. Nevertheless, it cannot be denied that Plaintiff seeks prospective relief that could potentially affect other citizens' rights. In the past, the Sixth Circuit has declined to apply the *Rooker-Feldman* doctrine to cases in which the plaintiff seeks prospective relief. *See Hood*, 341 F.3d at 598 (plaintiff not barred from seeking relief granting him future access to public areas); *Evans*, 424 F. App'x at 539–41 (plaintiff not barred from seeking injunction preventing the future application of Ohio's vexatious litigation statute because plaintiff sought only prospective relief); *Berry*, 688 F.3d at 300 (plaintiff not barred from seeking declaratory and injunctive relief from bar association attempting to chill his First Amendment rights).

To the extent Plaintiff's first cause of action is a general constitutional challenge, it is not barred by the *Rooker-Feldman* doctrine. Be that as it may, Plaintiff lacks standing to bring such a claim. Plaintiff's Complaint clearly seeks injunctive relief that would have this Court order "all [s]tate Supreme [Courts]" to adopt certain rules and procedures. (*See* Doc. 1, Compl. at ¶ 24, No. 1). "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not

conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180–81 (2000)). "Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*." *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007).

A claim must also be ripe for judicial review, meaning that the Court must evaluate "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967); overruled on other grounds by *Califano v. Sanders*, 430 U.S. 99 (1977). Simply stated, Plaintiff's claim for a general constitutional challenge is not ripe as Plaintiff's only allegation of hardship is that he cannot re-open his case, an injury that cannot be addressed by this Court under *Rooker-Feldman*. Further, Plaintiff provides the Court with no facts that tend to show that there is an actual or imminent threat to him that would be addressed by the vastly overbroad relief he seeks. *See*, *e.g.*, *Pearson v. Leavitt*, 189 F. App'x 161, 163 (4th Cir. 2006) (using the relaxed ripeness standard of the First Amendment, and still holding that "[i]f certain critical facts that would substantially assist the court in making its determination are contingent or unknown, the case is not ripe for judicial review"). Accordingly, Plaintiff's general constitutional challenge is not ripe.

8

## IV. CONCLUSION

For the foregoing reasons, the Motions of both Chief Justice O'Connor and the State Defendants are **GRANTED** and the Court need not analyze the additional defenses asserted by Defendants. The Clerk shall **REMOVE** Documents 15 and 23 from the Court's pending motions list. The Clerk shall enter final judgment in favor of Defendants and **REMOVE** this case from the Court's pending cases list.

**IT IS SO ORDERED.**

    */s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**